This case raises the issue of the appropriate level of procedure to be applied in permanent custody proceedings. It involves an appeal by the grandparents of a child who was subject to permanent custody proceedings. While appellants do not stand in the same shoes as natural parents in claiming a fundamental right to custody of the child, I believe the protection of the fundamental rights of all parties involved in these permanent custody proceedings requires a new and different resolution. This case is troubling to the extent that appellants' objections and subsequent appeal were doomed, not on the merits, but by their failure to follow civil procedure.
In permanent custody proceedings the fundamental liberty interests of the parents, the child, and the family as a unit are all in play. These interests are constitutionally protected. Santosky v. Kramer (1982),455 U.S. 745, 753. Parents are afforded every procedural and substantive protection allowed by law because the termination of parental rights is "the family law equivalent of the death penalty in a criminal case." Inre Hayes (1997), 79 Ohio St.3d 46, 48, quoting In re Smith (1991),77 Ohio App.3d 1, 16; In re Donnelly (Mar. 31, 2000), Ashtabula App. No. 98-A-0054, unreported, at 10; See, also, Santosky, supra.
In a death penalty case, certainly no one would suggest that all reviewing courts should defer to all the factual findings of a magistrate without review simply because the condemned person failed to follow procedure. In fact, each case would simply result in a palpable claim of ineffective assistance of counsel. Likewise, in a termination of parental rights case, I believe it is unreasonable as a matter of law for a trial court to rule on the case without ever having seen a transcript of the proceedings. The problem is compounded when appellants are thereafter denied effective appellate review.
Trial courts, prior to the adoption of a magistrate's decision, are required to do an independent review of that decision. Chavez v.Sanderson-Chavez (Mar. 31, 1999), Lake App. No. 98-L-037, unreported, at 11. As the rights involved are fundamental, I believe it is wholly inappropriate for a court to approve such a decision without a review of the record. A review of the record without a transcript is simply insufficient. I do not suggest that the burden to produce the transcript should be lifted from the objecting party. Rather, the trial court should defer its decision until the document is produced. If it is not being produced due to a lack of funds, then appellants should be permitted or required to file an affidavit of indigency for the limited purpose of obtaining a transcript at the state's expense.
In amending the laws governing termination of parental rights proceedings, the Ohio legislature has elevated the interests of the child over the fundamental rights of the parents. It was concluded that the best interests of a child are best served by resolving these situations quickly.
It is the province of the courts to insure that the fundamental rights of the parties to termination of parental rights proceedings are protected. Because an emphasis on quick resolution inures to an extent against accurate and well-considered resolution, it is only appropriate that reviewing courts heighten the scrutiny of the procedures employed. Review can never be truly adequate when all factual questions are permanently resolved and placed beyond question after an initial hearing before a magistrate. That is not judicial review. That is judicial acquiescence. Thus, I would find that a trial court abuses its discretion, as a matter of law, if it does not review a transcript of proceedings in conjunction with its review of magistrate's decisions in permanent custody proceedings. Therefore, I respectfully dissent.